UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CORREY MASSEY, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.                                             Case No: 2:12-cv-415-Ftm-29SPC

TOBLER CONSTRUCTION, INC. and
JOHN L. TOBLER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This matter comes before the Court on the Parties' Joint Motion for Approval of Settlement (Doc. #26) filed on March 27, 2013. This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*. Parties have reached a settlement agreement and seek court approval of that agreement. As part of the settlement between the Parties, the Parties agreed to confidentiality as to the terms of the settlement. A copy of the Settlement Agreement was provided to the Court for *in camera* review of the settlement agreement.

    In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." There are two ways for a claim under the FLSA to be settled or compromised. Id. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. Id. at 1353. The second is under 29 U.S.C. §216(b), when an

action is brought by employees against their employer to recover back wages. Id.  When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. Id. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit,

> [p]rovides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

A settlement has been reached in a bona fide good faith dispute pursuant to the FLSA. The Court reviewed the Settlement Agreement *in camera* and finds that the settlement is fair and reasonable.  The compromise of the original claim reached between the parties including attorney's fees and costs.  Although the Parties submitted the settlement paperwork, they have agreed to the confidentiality of the specific terms of the settlement agreement.  Therefore, although the Court has reviewed the terms and condition, this Court will not address the specifics in its Report and Recommendation.

Because the Plaintiff has agreed that the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.  Counsel indicates the attorney's fees were negotiated separately from the Plaintiff's settlement without regard to the amount paid to the Plaintiff in settlement of his FLSA

claim. Additionally, the Parties have agreed to waive the fourteen (14) day period to file written objections to the Court's Report and Recommendation. Therefore, this Court respectfully recommends that the settlement be approved and this case be dismissed with prejudice as to Defendants Tobler Construction, Inc. and John L. Tobler.

Accordingly, it is now

**RECOMMENDED:**

1. The Parties' Joint Motion for Approval of Settlement and Motion to Dismiss with Prejudice (Doc. #26) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. The parties have waived the fourteen (14) day objection period.

2. It is further respectfully recommended the case be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record